ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| PRERAC INC. D/B/A ENTERPRISE RENT-A-CAR<br>Peticionario<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE CAROLINA Y OTROS<br>Recurrido | TA2025CE00825<br><br>consolidado con | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Número: CA2022CV02590<br><br>Sobre: Patentes Municipales |
|---|---|---|
| PRERAC INC. D/B/A ENTERPRISE RENT-A-CAR<br>Recurrido<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE CAROLINA Y OTROS<br>Peticionario | TA2025CE00877 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Número: CA2022CV02590<br><br>Sobre: Patentes Municipales |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 26 de enero de 2026.

Comparece ante nos PRERAC, Inc., D/B/A Enterprise Rent-A-Car (PRERAC) mediante una Petición de *Certiorari* (Recurso Núm. TA2025CE00825), instada el 26 de noviembre de 2025. De otra parte, comparecen el Municipio de Carolina; su Alcalde, el Hon. José Carlos Aponte Dalmau; y el Director de Finanzas y Presupuesto, Edwin Lebrón González (Municipio), a través del recurso de *Certiorari* (Recurso Núm. TA2025CE00877), instado el 10 de diciembre de 2025. Ambas partes solicitan que revisemos la *Resolución* que el Tribunal de Primera Instancia (TPI o foro primario) notificó, el 20 de agosto de 2025. En ella, el foro primario pospuso la adjudicación de ambos petitorios sumarios y requirió que las

partes presenten prueba pericial contable que establezca cómo se contabiliza el producto de la venta de los vehículos usados, luego de estos ser retirados del inventario.

En vista de que los referidos recursos corresponden a las mismas partes e impugnan el mismo dictamen, ordenamos su consolidación, conforme lo autoriza la Regla 80.1 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42.[1]

Por los fundamentos que exponemos a continuación, expedimos los autos de *certiorari* y modificamos el dictamen recurrido a los efectos de dejar sin efecto la orden a las partes para que presenten informes periciales contables.

## I.

La causa de epígrafe se originó, el 10 de agosto de 2022, con la presentación de una *Demanda* sobre impugnación de notificación final de deficiencias de patentes municipales que instó PRERAC en contra del Municipio. En su reclamación, PRERAC cuestionó la constitucionalidad de la notificación final de deficiencia del Municipio, fechada el 12 de julio de 2022, atinente al pago de patentes municipales durante los años fiscales 2015-2016, 2016-2017, 2017-2018, 2018-2019, 2019-2020 y 2020-2021.[2] Según PRERAC, la disposición de la flota de vehículos retirados de operación constituye una actividad incidental a su negocio de alquiler de vehículos, con un fin no lucrativo, debido a que no opera como un concesionario de vehículos usados. Agregó que, PRERAC vende los vehículos usados que retira, en lotes y exclusivamente a concesionarios autorizados quienes, a su vez, los revenden a

---

[1] Véase, además, la Orden Administrativa DJ 2019-316 de 21 de noviembre de 2019, según enmendada por la Orden Administrativa DJ 2019-316A del 28 de julio de 2020, sobre la consolidación de recursos.

[2] Cabe señalar que, ante una *Moción de Sentencia Sumaria Parcial* que instó PRERAC, el Municipio desistió y se allanó a que el TPI dictara una sentencia sumaria parcial por prescripción, el 30 de octubre de 2023, en cuanto a las deficiencias contributivas sobre los años fiscales 2015-2016 y 2016-2017.

particulares individuales y pagan patentes municipales de dicha actividad comercial. Alegó que, si el Municipio cobra patentes a PRERAC, y también a los concesionarios de vehículos usados cuando los revenden, estaría incurriendo en una doble o múltiple tributación no permitida bajo la hoy derogada Ley Núm. 113 de 10 de julio de 1974, Ley de Patentes Municipales (Ley Núm. 113-1974), 21 LPRA sec. 651 *et seq.*

En su alegación responsiva, el Municipio expuso que, PRERAC no incluyó -como parte de su volumen de negocios- el ingreso que obtuvo de las ventas de las flotas de los vehículos usados durante los periodos reclamados, cuantía que está sujeta al pago de patentes municipales y que excedía el 25% del monto del volumen de negocio declarado en los años 2017-2018, 2018-2019, 2019-2020 y 2020-2021. El Municipio indicó que, la venta de las flotas de vehículos usados no es una actividad incidental, según arguyó PRERAC, ya que, según esta última admitió, el ciclo de renovación ocurre periódicamente como parte de la industria. Añadió que, para fines de las patentes municipales, se consideran los ingresos brutos del negocio, no las ganancias.

Continuados los procesos, el 15 de abril de 2024, ambas partes instaron sus correspondientes solicitudes de sentencia sumaria. En su petitorio, PRERAC propuso 131 hechos incontrovertidos. Argumentó que, la actuación del Municipio de imponer una contribución fuera del alcance de la hoy derogada Ley Núm. 113-1974), *supra,* es contraria a derecho. Expresó que, el único fin detrás del ciclo de renovación es contar con un inventario suficiente de vehículos nuevos que cumpla con las necesidades de los consumidores de su negocio de alquiler de vehículos de motor. Detalló que, las entradas en efectivo que genera, producto de la disposición de las flotas de vehículos usados, están contempladas en el Estado de Flujo de Efectivo, bajo la partida "Proceeds from

Disposition of Revenue Equipment". Según afirmó, el referido efectivo lo utiliza para adquirir vehículos nuevos para alquiler, cuantía que nunca sobrepasó el gasto de adquirir vehículos nuevos.

En su petitorio, el Municipio presentó 61 propuestas de hechos incontrovertidos. Puntualizó que, PRERAC generó ingresos de dos eventos económicos distintos, a saber, del alquiler de vehículos nuevos y de la venta de vehículos usados, ambas actividades realizadas en el Municipio de Carolina. A esos efectos, expuso que:

> [e]s inmaterial el tratamiento contable que PRERAC les dé a los ingresos (*proceeds*) provenientes de la disposición o venta de los vehículos. Igual de inmaterial es si PRERAC tiene ganancias o pérdidas en esa venta o disposición[.] La ley es clara: la base para computar la patente es el volumen de negocio y este se determina conforme a los ingresos brutos que se reciben por la prestación de cualquier servicio o por la venta de cualquier bien, incluyendo las ventas ocasionales.[3]

Según agregó el Municipio, durante los años fiscales 2010-2011, 2011-2012 y 2012-2013, PRERAC declaró el ingreso de las ventas de los autos usados como parte de su volumen de negocio, lo cual dejó de efectuar en los periodos posteriores. Añadió que, PRERAC no contempló el ingreso bruto recibido por las ventas (identificado como "Proceeds from Disposition of Revenue Equipment") dentro del ingreso producto del alquiler de vehículos de motor. Finalmente expuso que, PRERAC no puede acreditar cuándo los concesionarios de vehículos usados que le compran disponen de ellos, ni si los revenden dentro de la demarcación del Municipio de Carolina lo cual, a su entender, derrota la existencia de una doble tributación.

En su oposición al petitorio sumario de PRERAC, el Municipio identificó controversias totales o parciales sobre algunos de los hechos propuestos por PRERAC, sin embargo, expresó que estas no justifican la celebración de un juicio plenario. Mientras que,

---

[3] *Moción de Sentencia Sumaria* del Municipio, pág. 30.

PRERAC puntualizó en su escrito en oposición al petitorio sumario del Municipio que no existen hechos esenciales en controversia. Luego de las partes replicar y duplicar los diversos escritos y, con el beneficio de las posturas de ambas partes, el foro primario dio por sometido el asunto y notificó la *Resolución* impugnada. En ella, consignó 157 determinaciones de hechos y puntualizó que no existen controversias de hechos. Sin embargo, pospuso la adjudicación de las mociones dispositivas pendientes ante sí. A esos efectos expresó:

> [c]iertamente en el caso ante nuestra consideración los hechos propuestos por las partes no presentan una controversia a resolver, más bien es un asunto que requiere pericia en contabilidad. El asunto por resolver es determinar cómo se contabiliza el producto de la venta de los vehículos usados cuando son retirados del inventario. ¿Se considera un gasto de inversión que luego se ajusta restándole el producto de la venta al gasto de la compra original? o, ¿se considera una ganancia por ser estos carros ya parte de los activos, se ignora el gasto de inversión, y en vez de hacer el ajuste contra esa partida, se hace contra el valor en los libros aplicándoles la depreciación adquirida por el paso del tiempo? El Tribunal entiende que necesita escuchar peritos en contabilidad sobre cuál es la interpretación y práctica contable correcta y aceptada en esa materia. Por lo anterior se conceden 45 días para que las partes presenten informes periciales de sus contables que justifiquen su posición junto con el derecho que les asista.[4]

Luego de ambas partes instar, sin éxito, mociones de reconsideración ante el TPI, y todavía en desacuerdo, presentan separadamente sus correspondientes recursos de *certiorari.* Particularmente, PRERAC imputa al foro primario lo siguiente:

> Erró el TPI al no cumplir con el lenguaje obligatorio de la Regla 36.3(e) de Procedimiento Civil y negarse a aplicar el derecho para declarar con lugar la solicitud de sentencia sumaria de PRERAC, a pesar de haber determinado – correctamente – que tenía ante sí un cuadro fáctico incontrovertido en su totalidad.

Por su parte, el Municipio señala en su recurso la comisión de tres errores:

> Erró el TPI al no resolver mediante sentencia sumaria pese a reconocer que no existía controversia de hechos

---

[4] Entrada Núm. 74 en SUMAC-TPI, págs. 20-21.

materiales, prolongando innecesariamente un litigio para el cual la ley provee una respuesta clara e inequívoca.

Erró el TPI al desviar el análisis hacia consideraciones contables ajenas al marco legal aplicable a las patentes municipales y al adjudicar hechos jurídicamente inmateriales.

Erró el TPI al no disponer de la causa de acción por doble o múltiple tributación, aun cuando la parte recurrida la abandonó y no existe prueba que sostenga ninguno de los elementos necesarios para configurarla.

Acreditados los respectivos alegatos en oposición del Municipio y de PRERAC y, procedemos a resolver.

**II.**

## A. Sentencia Sumaria

El mecanismo de sentencia sumaria está codificado en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36. *Batista Valentín v. Sucn. De José Enrique Batista Valentín y otros,* 2025 TSPR 93, resuelto el 1 de octubre de 2025. **Cabe señalar que, esta herramienta permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales, no hay duda sobre los hechos esenciales y existe evidencia que los apoya, de manera que, solo resta aplicar el derecho.** *Negrón Castro y otros v. Soler Bernardini y otros,* 2025 TSPR 96, resuelto el 6 de octubre de 2025. Este cauce sumario - invocable tanto por la parte reclamante como por quien se defiende de una reclamación- resulta beneficioso para el tribunal y para las partes, pues agiliza el proceso judicial mientras, simultáneamente, provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Jiménez Soto y otros v. Carolina Catering Corp. y otros,* 2025 TSPR 3, resuelto el 14 de enero de 2025.

Como se sabe, procede dictar sentencia sumaria si se desprende de las alegaciones, deposiciones, declaraciones juradas, contestaciones a interrogatorios, admisiones ofrecidas, entre otros,

que no existe controversia real sustancial sobre un hecho esencial y pertinente, y siempre que el derecho aplicable así lo justifique. *Cooperativa de Seguros Múltiples de Puerto Rico y otro v. Estado Libre Asociado de Puerto Rico y otros,* 2025 TSPR 78, resuelto el 5 de agosto de 2025. Ahora bien, la Regla 36.6 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.6, permite la posposición de la adjudicación de un petitorio sumario, cuando una parte solicite finalizar el descubrimiento de prueba.

En cuanto a los requisitos de forma con los cuales la parte promovente de una solicitud de sentencia sumaria debe cumplir, la Regla 36.3(a) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(a) establece los siguientes: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. *Oriental Bank v. Caballero García,* 212 DPR 671, 679 (2023). Si el promovente de la moción incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 111 (2015).

De otra parte, quien desafía una moción de sentencia sumaria, no puede descansar en las aseveraciones o negaciones consignadas en su alegación. *Íd.*; *León Torres v. Rivera Lebrón,* 204 DPR 20, 43 (2020). La Regla 36.3(c) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(c), obliga a dicha parte a enfrentar la

moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si procede en derecho. *León Torres v. Rivera Lebrón,* supra. A esos efectos, el promovido deberá detallar y sustentar, con evidencia sustancial, los hechos materiales que pretende controvertir y que impiden que se dicte sentencia sumaria en su contra. *León Torres v. Rivera Lebrón,* supra. Claro está, para cada uno de estos supuestos, deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la Regla 36.3(d) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(d). *Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro,* 2025 TSPR 1, resuelto el 7 de enero de 2025.

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por el promovente. *E.L.A. v. Cole,* 164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues sólo procede si bajo ningún supuesto de hechos prevalece el promovido. *Íd.,* pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador debe actuar guiado por la prudencia y ser consciente en todo momento que su determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón,* supra, pág. 44.

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o

credibilidad. *Cruz, López v. Casa Bella y otros,* 213 DPR 980 (2024). Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens,* 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Íd.*

El Tribunal Supremo de Puerto Rico ha discutido los criterios que este Tribunal de Apelaciones debe considerar al momento de revisar una sentencia dictada sumariamente por el foro de instancia. *Roldán Flores v. M. Cuebas et al.,* 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas,* supra, págs. 118-119. En particular, nuestro más Alto Foro señaló que:

> [...] el Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.,* supra, pág. 679.

Conforme a lo anterior, los foros apelativos nos encontramos en igual posición que el Tribunal de Primera Instancia y utilizamos los mismos criterios para evaluar la procedencia de una sentencia sumaria. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro,* supra. Por ello, estamos llamados a revisar el expediente *de novo* y acreditar que las partes cumplieron con los requisitos de forma dispuestos en la Regla 36 de Procedimiento Civil, *supra,* y en su jurisprudencia interpretativa. *Negrón Castro y otros v. Soler Bernardini y otros,* supra. De esta manera, si entendemos que los

hechos materiales realmente están incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente el derecho. *Íd.*

**III.**

Tal cual expusimos en el tracto procesal, en sus respectivos recursos, ambas partes esencialmente cuestionan la actuación del foro primario de posponer la adjudicación de sus respectivos petitorios sumarios, a pesar del TPI haber resuelto que no existen hechos materiales en controversia.

Surge del dictamen recurrido que, el TPI pospuso la adjudicación de ambas solicitudes de sentencia sumaria bajo el entendido de que, para ello, era necesario considerar prueba pericial contable. Lo antes, sin que una de las partes lo solicitara al amparo de la Regla 36.6 de las Reglas de Procedimiento Civil, *supra,* y a pesar de que el foro primario había dado por sometido el asunto. Además, observamos que el foro primario no consignó de forma fehaciente una adjudicación de los petitorios instados, por lo que, no denegó las solicitudes de sentencia sumaria por razón de que existen controversias medulares de hechos, ni tampoco adjudicó los méritos de los petitorios sumarios a favor de cualesquiera de las partes, conforme lo exigen la Regla 36, *supra* y su jurisprudencia interpretativa.

Añádase a ello que, resulta evidente que el TPI se limitó a exponer hechos sin completar el análisis jurídico mandatorio. Dicho proceder resulta erróneo. Tampoco se desprende fundamento alguno que justifique que el TPI posponga su facultad judicial adjudicativa. Colegimos que -en esta etapa de los procesos- la procedencia de tales petitorios sumarios es un asunto de estricto derecho, que no depende necesariamente de la práctica contable de esa industria automotriz, en materia de tributación municipal. Tras quedar sometido el asunto ante sí, el foro primario incidió al no

adjudicar, de forma fehaciente, las solicitudes de sentencia sumaria de PRERAC y del Municipio, al amparo de la Regla 36, *supra* y de la Ley Núm. 113-1974, *supra*, sin tener un fundamento legal válido para posponer su determinación.

En virtud de lo anterior, expedimos el auto de *certiorari,* modificamos el dictamen recurrido, a los efectos de dejar sin efecto la orden sobre la presentación de prueba pericial contable en esta etapa de los procesos, y devolvemos el presente asunto al foro primario. En cumplimiento de la normativa antes expuesta, el TPI dentro de su sana discreción deberá evaluar los méritos de los petitorios sumarios de ambas partes y notificar de forma fehaciente, si los deniega ante presuntas controversias pendientes o si dicta sentencia. Lo antes no prejuzga cualquier asunto ulterior o pendiente ante la atención del foro primario.

### IV.

Por las razones que anteceden, expedimos los respectivos autos de *certiorari,* modificamos la *Resolución* recurrida a los efectos de dejar sin efecto la orden sobre prueba pericial impugnada por ambas partes y devolvemos el asunto al foro primario para que cumpla conforme a lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones